IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2022 SEP 15 PM 4:31
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEBRASKA BEEF, LTD.,

Defendant.

8:22CR 197

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney and Donald J. Kleine, Assistant United States Attorney, and defendant, NEBRASKA BEEF, LTD., and Joshua W. Weir, counsel for defendant, as follows:

I

## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to ~~waive indictment and~~ plead guilty to an Information. Count I charges a violation of Title 7, United States Code, Section 1622(h)(4).

In exchange for the defendant's plea of guilty as indicated above, the United States agrees that the defendant and its Officers will not be federally prosecuted in the District of Nebraska with any other federal criminal offense arising from or directly relating to this investigation, as of the date this agreement is signed by all parties, other than as set forth above and as set forth below.

The parties agree that the government does not waive any right to further federally prosecute any individuals for making false statements to the government or the Grand Jury in the District of Nebraska relating to government's investigation of defendant for violations of federal law relating to this investigation.

## II
## **NATURE OF THE OFFENSE**

A.  **ELEMENTS EXPLAINED.**

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly represented that an agricultural product had been officially graded by an authorized grader;
2. That the agricultural product was subject to grading under Title 7, United States Code, Section 1622; and
3. That the agricultural product had in fact not been graded as represented by the Defendant.

B.  **ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. On June 3, 2016, Nebraska Beef was served with a United States District Court, District of Nebraska, Grand Jury Subpoena (No. xxxxxxx453-18) and was ordered to produce grading records, subject to Title 7, United States Code Section 1622, for thirty (30) carcasses of beef, as well as other requested information.
2. In response to the Grand Jury Subpoena, a Nebraska Beef Corporate Officer altered the grading records for the thirty (30) carcasses of beef.
3. After June 8, 2016, the Nebraska Beef Corporate Officer provided the altered grading records in printed form to attorneys for Nebraska Beef for delivery to the Grand Jury in response to the June 3, 2016, United States District Court, District of Nebraska, Grand Jury Subpoena (No. No. xxxxxxx453-18).
4. On or about June 13, 2016, the United States Attorney's Office, District of Nebraska, was provided the altered June 2, 2016, grading records.
5. From June 2, 2016, through June 13, 2016, the Nebraska Beef Corporate Officer was acting within the scope of his authority and intended to act for the benefit of Nebraska Beef.

2

## III
## PENALTIES

A.   COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.   A maximum 5 years' probation;
2.   A maximum $200,000 fine or twice the gross gain or loss, 18 U.S.C. 3571(d); and
3.   A mandatory special assessment of $125 per count.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a fine of $200,000, payable at the time of sentencing. The Court, in its discretion, may impose a term of probation. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

B.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

    (c) A right to file a motion under Section 3582(c)(1)(A);

        1. the general right to file a compassionate release motion;

        2. the right to file a second or successive such motion; or

        3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

4

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $50 for each misdemeanor count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States

is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

9/15/2022
Date

DONALD J. KLEINE
ASSISTANT U.S. ATTORNEY

8/31/22
Date

NEBRASKA BEEF, LTD.
DEFENDANT

08/31/2022
Date

JOSHUA W. WEIR
COUNSEL FOR DEFENDANT

6